IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KANSAS DEPARTMENT OF
SOCIAL AND REHABILITATION
SERVICES,

      **Plaintiff,**

      v.                           CASE NO. 22-3219-JWL-JPO

CRAIG IVAN GILBERT,

      **Defendant.**

## MEMORANDUM AND ORDER

This matter is before the court on a notice of removal filed by the defendant in a case that was previously pending in state court. Because the defendant, Craig Ivan Gilbert, has failed to show any grounds for removal or that removal is proper in a closed case, this matter is dismissed.

Mr. Gilbert filed this "Notice of Removal," purporting to remove a closed child support case from the Saline County District Court. (Doc. 1.) Mr. Gilbert fails to provide a full case number and only provides that it is a closed case from 2000. *Id*. Mr. Gilbert claims that Social and Rehabilitation Services brought an action against him for child support. *Id*.

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is *pending*." 28 U.S.C. § 1441(a) (emphasis added).

Federal courts are courts of limited jurisdiction, as "[t]hey possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal district courts have "federal question jurisdiction" over "all civil actions

arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

Likewise, federal district courts have "diversity jurisdiction" when the amount in controversy exceeds $75,000.00 and there is complete diversity among the parties, which means that no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. § 1332(a).

Petitioner's notice of removal does not appear to invoke either basis for original jurisdiction in this court, nor has the court located any support for allowing the removal of a closed action.

Although summary remand is ordinarily required under the applicable statute, the posture of this case is such that there is no court to which it may be remanded. Therefore, dismissal is appropriate.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed.**

**IT IS SO ORDERED**.

Dated September 29, 2022, in Kansas City, Kansas.

> **S/ John W. Lungstrum**
> JOHN W. LUNGSTRUM
> UNITED STATES DISTRICT JUDGE